32**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| VS. | § | CASE NO.: **B-22-CR-740-2** |
| **Ruben Gallegos, Jr.** | § | |

## ORDER SETTING BOND

Upon joint request from the Government and counsel for defendant, this Court considered the issue of bond for defendant Ruben Gallegos, Jr. After reviewing the Pretrial Services Report, and listening to arguments of counsel, this Court is of the opinion that a bond should be set in this case.

Therefore, in light of the record and the requirements of 18 U.S.C. §3142, it is the opinion of this Court, that a $250,000.00 bond with a 20% cash deposit ($50,000.00) would reasonably assure the appearance of Defendant at trial and that such a bond is not unreasonable under the provisions of the Bail Reform Act and the facts in this case.

It is therefore ORDERED that Defendant be released upon posting a $250,000.00 bond with a 20% cash deposit ($50,000.00) deposit, with the following conditions:

(1) defendant must not violate federal, state, or local law while on bond;

(2) Pretrial supervision in the Brownsville Division;

(3) maintain/actively seek employment and provide proof to the U.S. Probation Office;

(4) surrender passport to the U.S. Probation Office/not obtain a passport while case is pending;

(5) travel to be restricted to the Southern District of Texas. No travel into Mexico;

(6) avoid contact any with person who is or may become a potential victim in the investigation or prosecution of this case, including any co-defendants, victims or potential victims; with the exception of his father Ruben Gallegos, Sr.

(7) submit to mental health evaluation and/or participate in mental health treatment program as directed by the U.S. Probation Office;

(8) refrain from possessing a firearm, destructive device, or other dangerous weapons. Any weapons in residence shall be removed prior to release of defendant;

(9) refrain from excessive use of alcohol;

(10) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 USC 802, unless prescribed by a licensed medical practitioner;

(11) shall consent to being placed on **CUREFEW:** Defendant is restricted to his residence everyday from: 9:00 PM to 7:00 AM or as directed by the pretrial services office or supervising officer;

(12) defendant shall reside at 1850 Briarwyck Drive in Brownsville, Texas;

(13) report within 72 hours to the U.S. Probation Office any contact with law enforcement.

Until such time that the defendant meets the conditions set above for bond, the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the

corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done at Brownsville, Texas, this 9th day of September, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge